IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MEGLADON, INC., a Florida corporation,

    Plaintiff,

CASE NO.

v.

VILLAGE OF PINECREST, a Florida municipal corporation,

    Defendant.

_____/

# **COMPLAINT**

Megladon Inc. ("Megladon") sues the Village of Pinecrest ("Village") and states:

1.    This is an action for relief under § 70.45 Fla. Stat. and for other declaratory relief pursuant to Chapter 86, Florida Statutes.

2.    Megladon is the fee simple owner of the residential lot subject of this action which is located within the Village.

3.    The Village is a Florida municipal corporation capable of being sued and lying within Miami-Dade County Florida.

4.    The amount in controversy is within the jurisdictional limits of this Court, exceeding $30,000.

## **GENERAL ALLEGATIONS**

5.    In 2016, Megladon purchased the residential lot at 13100 S.W. 77th Avenue (at the corner of S.W. 77th Avenue and S.W. 131st Street, hereafter "lot") in order to build a new residence, the home formerly located there having been torn down.

6.     The principal of Megladon is an experienced residential developer.

7.     Because it has been in existence for decades, redevelopment of the lot is exempt from any platting requirements under local law.

8.     Because platting was not necessary for this longstanding residential lot, only a building permit was required from the Village.

9.     At substantial expense, Megladon employed a local architectural firm, Strang Design ("Strang"), to prepare plans for the new home.

10.     With the assistance of Strang, Megladon submitted the architectural and site plans for the new home to the Village for routine review by the Village's planning department in December 2019.

11.     The processing of building permits by the Village entails review by staff from various municipal departments which are considered in reaching a final decision by the Village.

12.     Village staff input their review comments into a Plan Review System, a communication portal through which applicants may provide responses.

13.     Staff review comments in themselves do not constitute final decisions by the Village on submitted site plans.

14.     Staff review and comments are generally made for the purpose of informing applicants and the Village Council members of staff opinions concerning whether applications meet regulatory requirements.

15.     The Village's Plan Review System process facilitates dialogue between a property owner and the Village staff, providing a means of communication aimed at

amicable resolution of any discrepancies or disagreements concerning the application of regulations to proposed development projects.

16.     On December 24, 2019 a zoning department staff member, Pat Janisse, input a comment into the Plan Review System to the effect that zoning department review of Megladon's application was pending response to the zoning department's request to the Public Works Director "to research possible road dedication as this property has not made a road dedication to S.W. 131st Street."  This comment further stated, "if a dedication is required, the building will need to be revised to respect the new property line and process of a road dedication will be required."

17.     On April 1, 2020, a public works department staff member input a comment to the Plan Review System which stated, "R/W dedication required along SW 131 St . . .."

18.     The Village department of the Building and Planning is the department charged with the responsibility of processing land use applications by reviewing them, scheduling public hearings for final decision by the appropriate Village boards, and then issuing approvals and permits according to final decisions of the Village.

19.     On April 3, 2020, the Director of the Building and Planning Department ("Planning Director") entered a Plan Review System comment, stating that a 7.5 foot dedication of land along S.W. 131st Street would be required, and that the change in property line would require relocating the proposed residence and adjusting all setback, lot coverage, impervious coverage, green space and building area accordingly.  The

comment also asserted that a "right of way deed" and associated "Owner's Affidavit and Agreement" would have to be executed by Megladon.

20.    Megladon took exception to assertions in the staff comments about requiring land dedication along S.W. 131st Court and disputed that the Village could impose such a requirement.

21.    Megladon's architect responded to and/or otherwise satisfied all other review comments in connection with Megladon's application through submission of updated plans, leaving only the right of way dedication request in dispute.

22.    On May 14, 2020, the Planning Director transmitted to Megladon an email, a true copy of which is attached hereto as Exhibit A.

23.    In his May 14, 2020 email, for the first time, the Director confirmed in writing the specifics of a demanded land dedication and declared that the Village *would not further process* Megladon's application unless Megladon acceded to the demand by revising its proposed site plan to show the demanded dedication and resulting new property line (hereafter "Refusal to Process email").

24.    Specifically, the May 14, 2020 Refusal to Process email made legally binding itself to dedicate the demanded land a condition of any further processing of Megladon's land use application, stating that "the Village can review your application for a building permit, *provided* the site plan and all required building setbacks, lot coverages, green space calculations, etc. are indicated for the property excluding the right of way to be dedicated" and further declaring that Megladon's execution of a binding affidavit and

dedication agreement would also be a condition to issuance of both a building permit and certificate of occupancy.

25.     The demanded form of affidavit and agreement attached to the Director's Refusal to Process email make clear that the Village was demanding conveyance of real property for the public purpose of "right of way" without compensation to Megladon, and that such uncompensated conveyance would be in exchange for the Village's issuance of the building permit for which Megladon had applied and been found in compliance other than the demanded land dedication.   (See Exhibit A).

26.      The May 14, 2020 Refusal to Process email was effectively a final decision of the Village since it denied Megladon any other point of entry to Village decision-makers to obtain site plan approval and/or a building permit, absent Megladon acceding to the Director's demand that Megladon alter its property line and site plan.

27.     No additional street width is needed for S.W. 131st Street to function adequately.

28.     There are no current traffic problems on S.W. 131st Street.

29.     On information and belief, the Village has no current plans to widen travel lanes on S.W. 131st Street.

30.     The lanes of S.W. 131st Street are the essentially same width as other streets in the neighborhood, as depicted in this Miami-Dade County Property Appraiser aerial:



Available at: https://www.miamidade.gov/Apps/PA/propertysearch/#/

31.     The demand formalized in the Director's May 14, 2020 written Refusal to Process email is *ad hoc*, there being no Village regulation that authorized such a demand.

32.     In fact, the Village Code exempts residential lots from infrastructure concurrency requirements, making the Director's demand contrary to the Village Code.

33.     In response to Megladon's objections, the Village's asserted justification for demanding the right of way dedication was that other landowners in the area had dedicated right of way when S.W. 131st Street was initially constructed, at the time of platting their lots.

6

34.     Whether or not accurate, and whether or not other landowners were similarly situated with Megladon, this Village's assertion about other landowners having dedicated provides no legal basis for the dedication demanded of Megladon in connection with its pending application to re-develop a residential lot exempt from platting.

35.     The Village shifted its justification for the demanded dedication to the flawed assertion that Miami-Dade County ("County") requires municipalities comply with the County "Public Works Manual."

36.     The County is without jurisdiction to regulate residential development on the lot because it is within the incorporated area of the Village and exempt from platting.

37.     The County Public Works manual applies to municipal construction of new infrastructure, such as roads, which has nothing to do with Megladon's application to replace a tear down with a new home on an existing legal lot.

38.     When Megladon continued to refuse to accede to the demand dedication the Village orally sought to impose a new permitting condition that Megladon apply for and obtain a waiver from the County.

39.     Megladon rationally declined to waste its resources applying for a waiver from the County for a subject over which the County has no jurisdiction.

40.     The Village's attempt to interpose a County waiver process was improper and caused further delay.

41.     When further pressed by Megladon about there being no need to widen S.W. 131st Street and the fact that Megladon's re-development does not generate new

7

traffic trips for this roadway, the Village again shifted its justification for the demand dedication to drainage rather than transportation.

42.     The Village's drainage-based justification for the demanded land dedication is an alleged existing deficiency, i.e., a need for grassy area to absorb stormwater runoff from the existing paved surface of S.W. 131s Street travel lanes.

43.     Assuming arguendo any existing drainage deficiency and the propriety of any demanded dedication on this basis, the Village's demand for conveyance of land in fee simple seeks a greater quantity of estate than is reasonably necessary to address the alleged existing deficiency because a drainage easement would adequately cure the alleged deficiency.   There is no need to change the property line and reduce the size of the lot which causes significant damage to Megladon.

44.     By demanding a right of way dedication as a condition of even processing Megladon's application for a routine building permit, the Village has illegally attempted to circumvent its obligation to compensate Megladon for any property interest acquired and any loss in fair market value to the remainder of the lot, such as reducing the depth of the lot and/or forcing costly re-design of the proposed home.

45.     The dedication demanded as a condition of even processing Megladon's permit application would trigger reduction in the size of home that could be developed and/or the need to completely re-design the proposed home, as illustrated in the graphic attached and incorporated herein as Exhibit B.

46.     The demanded dedication subject of the Director's Refusal to Process email has and will additionally cause damage to Megladon in the form of delay, accentuated by

proximately causing Megladon to miss a market window particularly favorable to residential home sales in South Florida.

47.     Megladon or its principals have re-developed other residential lots in the Village.

48.     The principals of Megladon had at least one prior dispute with the Village over paint color for a residence within the Village.  They prevailed on the Village to withdraw its legally unfounded demand to change paint color on that other home.

49.     After informal attempts to prevail on the Village to withdraw its legally unfounded demand for a right of way land dedication along S.W. 131st Street, Megladon had to enlist the assistance of legal counsel and has incurred expenses in connection with bringing this action.

<u>COUNT I</u>
<u>RELIEF UNDER § 70.45 FLA. STAT.</u>

50.     Megladon re-asserts the allegations in paragraphs 1 through 49 as though fully set forth herein.

51.     The fee simple right of way dedication demanded by the Village is a prohibited exaction under § 70.45 Fla. Stat. because it constitutes a condition imposed by a governmental entity on a property owner's proposed use of real property that lacks an essential nexus to a legitimate public purpose and is not roughly proportionate to the impacts of the proposed use that the governmental entity seeks to avoid, minimize, or mitigate.

9

52.     The Village Director's May 14, 2020 Refusal to Process email required the demanded dedication in writing as a final condition of approval for Megladon's requested use of real property.

53.     None of the prior written staff comments entered into the portal had refused further processing of the application.   The Director's refusal to further process the application until Megladon legally bound itself to make the dedication and revise its property line on the site plan converted these erroneous comments into a final condition of approval.

54.     The refusal to process effectively denied approval of Megladon's application because Megladon refused to accede to the demanded land dedication and related reduction to the depth of its lot.

55.     Megladon timely transmitted a pre-suit notice of proposed action compliant with § 70.45(3) on October 2, 2020, identifying the exaction Megladon believes to be prohibited, briefly explaining why the Megladon believes the exaction is prohibited, and providing an estimate of the damages.

56.     The Village responded to Megladon's § 70.45(3) notice on December 29, 2020, declining to withdraw or otherwise modify its demand for a right of way dedication.

57.     All other pre-requisites, if any, to the bringing of this action have been met.

58.     Under § 70.45, the Village has the burden of proving that the demanded right of way exaction has an essential nexus to a legitimate public purpose and is roughly proportionate to the impacts of the proposed redevelopment of the lot.   The Village cannot meet this burden.

59.    There is no rational nexus between Megladon's proposed re-development and transportation impacts since it is not adding new trips to the road.

60.    There is no rational nexus between Megladon's application and any alleged existing deficiency.

61.    The demand for fee simple conveyance is excessive and disproportionate to the alleged drainage deficiency since an easement would suffice.

WHEREFORE, Megladon respectfully requests that this Court:

A.    Declare the right of way dedication demand subject of the May 14, 2020 Refusal to Process is a prohibited exaction under § 70.45, Fla. Stat.;

B.    Enjoin the Village from demanding any right of way dedication as a condition of processing Megladon's application for building permit and/or as a condition of final building permit and/or certificate of occupancy;

C.    Enjoin the Village to promptly issue approvals and permits for which Megladon has applied;

D.    Empanel a jury to determine damages recoverable under § 70.45;

E.    Award to Megladon damages recoverable under § 70.45 as determined by the Court or jury; and

F.    Award to Megladon attorney's fees and costs incurred in connection with bringing this action.

### COUNT II
### UNCONSTITUTIONAL CONDITION
### ARTICLE X, SECTION 6, FLA. CONSTITUTION

62.    Megladon re-asserts the allegations in paragraphs 1 through 49 as though fully set forth herein.

11

63.     This is an action pursuant to Chapters 86 of the Florida Statutes and Article X, Section 6, Fla. Const.

64.     Under Florida law, the Village has the burden of proving a rational nexus between Megladon's proposed re-development of a single family residential lot and the alleged need for more right of way along S.W. 131st Street.

65.     There is no rational nexus between Megladon's proposed re-development of the lot and any alleged need for additional right of way.

66.     Under Florida law, the Village has the additional burden of proving that its demanded dedication of land in fee simple is roughly proportional to the impacts of Megladon's proposed re-development of the lot.

67.     The Village cannot meet its burden to prove rough proportionality.   Among other reasons, the demand dedication of land in fee simple is excessive and disproportionate to the alleged drainage deficiency since an easement would suffice by definition.

68.     Megladon's application complies with the Village residential development regulations, and the only reason for the Village's refusal to further process Megladon's application and/or to grant a building permit is Megladon's refusal to accede to the Village's demand to convey (or legally bind itself to convey) land for public right of way.

69.     The Village Director's May 14, 2020 Refusal to Process email constituted a final decision on Megladon's application by blocking any further point of entry to administrative approval and/or rendered further application futile.

70.     The Village has improperly leveraged its permitting jurisdiction to effectively extort an uncompensated conveyance of land.

71.     The Village's refusal to process Megladon's application on the basis of improper demand of an unconstitutional condition has caused a temporary taking of the lot.

WHEREFORE, Megladon respectfully requests that this Court:

A.     Declare the demanded right of way land dedication subject of the Director's Refusal to Process email unconstitutional under Article X, Section 6, Fla. Const.;

B.     Enjoin the Village to promptly approve Megladon's application and timely issue related building permits and certificates of occupancy without any dedication of property interest as a condition;

C.     Empanel a jury to determine full compensation for the demanded conveyance of Megladon's property or full compensation for the temporary taking of the lot until the improper condition is invalidated or withdrawn and building permit issued;

D.     Award to Megladon the attorney's fees and costs incurred in prosecuting this action; and

E.     Grant such other relief as the Court deems proper.

13

## COUNT III
## UNCONSTITUTIONAL CONDITION
## FIFTH AMENDMENT U.S. CONSTITUTION

72.     Megladon re-asserts the allegations in paragraphs 1 through 49 as though fully set forth herein.

73.     This is an action pursuant to Chapters 86, Florida Statutes and the Fifth Amendment to the United States Constitution.

74.     Under federal law, the Village has the burden of proving a rational nexus between Megladon's proposed re-development of a single family residential lot and the alleged need for more right of way along S.W. 131st Street.

75.     There is no rational nexus between Megladon's proposed re-development of the lot and any alleged need for additional right of way.

76.     Under federal law, the Village has the additional burden of proving that its demanded dedication of land in fee simple is roughly proportional to the impacts of Megladon's proposed re-development of the lot.

77.     The Village cannot meet its burden to prove rough proportionality.   Among other reasons, the demand dedication of land in fee simple is excessive and disproportionate to the alleged drainage deficiency since an easement would suffice.

78.     Megladon's application complies with the Village residential development regulations, and the only reason for the Village's refusal to further process Megladon's application and/or to grant a building permit is Megladon's refusal to accede to the Village's demand to convey (or legally commit to convey) land for public right of way.

14

79.     The Village Director's May 14, 2020 Refusal to Process email constituted a final decision on Megladon's application by blocking any further point of entry to administrative approval and/or rendered further application futile.

80.     The Village has improperly leveraged its permitting jurisdiction to effectively extort a fee simple conveyance of private property for an asserted public purpose without compensating for the demanded land or the market value impacts to Megladon's remaining land.

81.     The Village's refusal to process Megladon's application on the basis of improper demand of an unconstitutional condition has caused a temporary taking of the lot.

WHEREFORE, Megladon respectfully requests that this Court:

A.     Declare the right of way dedication subject of the Director's May 14, 2020 Refusal to Process email constitutes an unconstitutional condition in violation of the Fifth Amendment to the United States Constitution;

B      Enjoin the Village to promptly approve Megladon's application and timely issue related building permits and certificates of occupancy without any dedication of property interest as a condition;

C.     Empanel a jury to award just compensation for the temporary taking of Megladon's lot resulting from the Village's improper refusal to process Megladon's application, through the date of invalidation of the demanded dedication condition and issuance of a building permit; and

C.     Grant such other relief as the Court deems proper.

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.
Brickell World Plaza
600 Brickell Ave, Suite 3500
Miami, FL 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

By:   */s/ Amy Brigham Boulris*
      Amy Brigham Boulris
      Florida Bar No. 772836
      Primary e-mail: aboulris@gunster.com
      Secondary e-mail: eroa@gunster.com
      Carlos A. Haag
      Florida Bar No. 1018828
      Primary e-mail: chaag@gunster.com
      Secondary e-mail: eroa@gunster.com

*Attorneys for Megladon, Inc.*

16

# Exhibit A

**From:** "Stephen Olmsted (BPD)" <solmsted@pinecrest-fl.gov>
**Subject: RE: 13100 SW 77th Ave**
**Date:** May 14, 2020 at 1:18:53 PM EDT
**To:** Valeria Fossi <valeria@strang.design>
**Cc:** Elizabeth Starr <elizabeth@strang.design>, Viviana Conley <viviana@strang.design>, Lourdes Heinz <lourdesheinz@gmail.com>, Andreas Hase <andreashase@me.com>, "Pat Janisse (BPD)" <pjanisse@pinecrest-fl.gov>, Millie Ramos-Pombo <MPombo@wsh-law.com>, "Haydee S. Sera" <HSera@wsh-law.com>

Valeria –
With regard to the existing survey of the property, the right-of-way will need to be dedicated to the Village of Pinecrest but the process is expected to take some time to complete. In the meantime, the Village can review your application for a building permit, provided the site plan and all required building setbacks, lot coverages, green space calculations, etc., are indicated for the property excluding the right-of-way to be dedicated. On the site plan that will be submitted for building permits, please crosshatch and indicate the portion that is the area of right-of-way to be excluded from the property and dedicated to the Village of Pinecrest.
Prior to issuance of a building permit, an affidavit, similar to the attached affidavit, will need to be completed, signed, and submitted to the Village of Pinecrest. The affidavit includes the owners' consent to dedication of the right-of-way and their acknowledgment that a certificate of occupancy will not be issued until dedication of the right-of-way is complete. A description and sketch or survey of the area to be dedicated will need to be prepared and provided as an attached exhibit to the affidavit. Please refer to the attached example.
I am providing a copy of this email message to Millie Ramos-Pombo and Haydee Sera, attorneys in the Village Attorney's office (Weiss Serota) who will be assisting and overseeing the Affidavit and Right-of-Way Dedication process. They can prepare the required affidavit. Your engineer or surveyor will need to prepare a sketch of the right-of-way area to be dedicated to be attached as Exhibit "A".
If you have questions or require additional information, please let me know.
Sincerely,
**Stephen R. Olmsted, AICP, LEED-GA**
**Planning Director**
Building and Planning Department
Village of Pinecrest
12645 Pinecrest Parkway
Pinecrest, Florida 33156
t (305) 234-2121 | f (305).234-2131
Solmsted@pinecrest-fl.gov
www.pinecrest-fl.gov

 pinecrest-fl.gov

**From:** Valeria Fossi <valeria@strang.design>
**Sent:** Wednesday, May 13, 2020 5:19 PM
**To:** Stephen Olmsted (BPD) <solmsted@pinecrest-fl.gov>
**Cc:** Elizabeth Starr <elizabeth@strang.design>; Viviana Conley <viviana@strang.design>; Lourdes Heinz <lourdesheinz@gmail.com>; Andreas Hase <andreashase@me.com>; Pat Janisse (BPD)

**Exhibit A**

<pjanisse@pinecrest-fl.gov>
**Subject:** Re: 13100 SW 77th Ave

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon Steve,

Following up on the email below, we would like to request your confirmation on the conversation highlights from our phone call from the 30th, thank you!

Best,
Valeria Fossi
Designer
[**STRANG**]
305-373-4990 x104
www.strang.design
PLEASE TAKE NOTE OF OUR NEW MIAMI OFFICE MAILING ADDRESS:
**STRANG DESIGN, 2900 SW 28TH TERRACE, SUITE 301, MIAMI, FL. 33133**
Confidentiality Notice: All materials transmitted with this email are the intellectual property of Strang Design, LLC and shall not be used, copied or transmitted in any form without the architect's approval.

On Wed, May 6, 2020 at 2:22 PM Valeria Fossi <valeria@strang.design> wrote:

Good afternoon Steve,

Following up on the email below, we would like to request your confirmation on the conversation highlights from our phone call from the 30th, thank you!


Best,
Valeria Fossi
Designer
[**STRANG**]
305-373-4990 x104
www.strang.design
PLEASE TAKE NOTE OF OUR NEW MIAMI OFFICE MAILING ADDRESS:
**STRANG DESIGN, 2900 SW 28TH TERRACE, SUITE 301, MIAMI, FL. 33133**
Confidentiality Notice: All materials transmitted with this email are the intellectual property of Strang Design, LLC and shall not be used, copied or transmitted in any form without the architect's approval.

On Fri, May 1, 2020 at 9:55 AM Valeria Fossi <valeria@strang.design> wrote:

Good morning Steve,

Thank you for taking the time yesterday to meet with us over the phone to discuss zoning comment below:


"1. Additional right-of-way (7.5 feet) adjacent to SW 131 Street is required to be dedicated to the Village of Pinecrest. Please adjust the proposed northern property line 7.5 feet to the south and revise all setback, lot coverage, impervious coverage, green space, and building area information. Relocate the proposed residence to comply with required setbacks from the revised property boundary and note that proposed amounts of impervious coverage, greenspace, and building coverage may need to be revised to comply with minimum requirements of the EU-1, residential Estate zoning district. "

As per our conversation, we would like to request your confirmation on the following highlights:
- An updated survey will not be required to complete the permit process for this project.
- An updated survey will not be required to complete to begin and complete the construction of this project.
- The process of the "Road Dedication" is a process to be completed between the Owner representative and the City.
- The process of the "Road Dedication" may take months to be completed however, this process can be done simultaneously with the permitting and construction process for this property.

- The process of the "Road Dedication" must be completed before the Building Department can issue a "Certificate of Occupancy" for this property.
- An updated survey will be issued after the Road Dedication is completed.
- Revise drawings to show "proposed new property line" and "proposed new setback" as indicated by zoning comment #1.
- Revise drawings to show "cross hatch" area of future road dedication.
- Relocate the proposed residence to comply with the new requirements described in the city comment above.
- Revise drawings and zoning charts to show new/proposed lot coverage, impervious VS previous calculations, green space, and all building area information to comply with minimum requirements of the EU-1 zoning district. Please confirm that we have understood correctly as per our call.

Thank you again,

Best,

Valeria Fossi

Designer

[**STRANG**]

305-373-4990 x104

www.strang.design

PLEASE TAKE NOTE OF OUR NEW MIAMI OFFICE MAILING ADDRESS:

**STRANG DESIGN, 2900 SW 28TH TERRACE, SUITE 301, MIAMI, FL. 33133**

Confidentiality Notice: All materials transmitted with this email are the intellectual property of Strang Design, LLC and shall not be used, copied or transmitted in any form without the architect's approval.

On Thu, Apr 30, 2020 at 11:08 AM Valeria Fossi <valeria@strang.design> wrote:

Good morning Steve,

I hope you and your family are well during this time.

I had reached out to Pat to clarify the revision for Zoning comment #1 as it affects our design. See comment below:

1. Additional right-of-way (7.5 feet) adjacent to SW 131 Street is required to be dedicated to the Village of Pinecrest. Please adjust the proposed northern property line 7.5 feet to the south and revise all setback, lot coverage, impervious coverage, green space, and building area information. Relocate the proposed residence to comply with required setbacks from the revised property boundary and note that proposed amounts of impervious coverage, greenspace, and building coverage may need to be revised to comply with minimum requirements of the EU-1, residential Estate zoning district.

If there is a revision to the property line, and not just the setback, we would need to see that in an updated survey in order to update our drawings. Is this something that the city coordinates with the surveyor, so that the clients can have the survey revised?

Any advice that you can share for this process would be greatly appreciated.

Attached is the latest survey for your reference.

Best,

Valeria Fossi

Designer

[**STRANG**]

305-373-4990 x104

www.strang.design

PLEASE TAKE NOTE OF OUR NEW MIAMI OFFICE MAILING ADDRESS:

**STRANG DESIGN, 2900 SW 28TH TERRACE, SUITE 301, MIAMI, FL. 33133**

Confidentiality Notice: All materials transmitted with this email are the intellectual property of Strang Design, LLC and shall not be used, copied or transmitted in any form without the architect's approval.

# Exhibit B



## ZONING LEGEND

13100 SW 77 Avenue, Pinecrest FL. 33156
FOLIO: 20-5015-000-0820

| | DISTRICT | LOT AREA | LOT ACREAGE | |
|---|---|---|---|---|
| SITE INFO. | EU-1 | 39,522 Sq.Ft** | 0.907acres | |
| | REQUIRED | % | PROPOSED | % |
| LOT COVERAGE | 9,880 SF | 25% | 9,452 SF | 24% |
| FAR | MAX 1ST FLOOR (1 STORY): 25% | 9,880 SF | 7,360 SF | 19% |
| IMPERVIOUS (MAX) | 17,785 SF *** | 45% | 14,648 SF | 37% |
| GREEN SPACE (MIN) | 21,737 SF *** | 55% | 24,874 SF | 62% |

| SETBACKS: | REQ'D | NOTES |
|---|---|---|
| FRONT: | 1 STORY: 50'<br>2 STORY: 50' | (3) LOTS WHOSE STREET FRONTAGE IS LESS THAN 135 FEET IN WIDTH SHALL HAVE AN INTERIOR SIDE YARD SETBACK ON EACH SIDE OF 15% OF THE WIDTH. |
| SIDES: | SIDE: 20' STREET: 30' | |
| REAR: | 1 STORY: 25' ACCESSORY: 15'<br>2 STORY: 25' | |

| | ALLOWED | PROPOSED |
|---|---|---|
| HEIGHT | ONE STORY: 24' (MAX) | 16'-0" |

** See Survey.
*** See Landscape Drawings.

## LOT COVERAGE LEGEND

TOTAL LOT COVERAGE:
- A/C AREA: 6,362 SF
- NON A/C AREA: 3,109 SF
- TOTAL: 9,471 SF

## SQUARE FOOTAGE

| | |
|---|---|
| MAIN BUILDING: | 5,340 SF |
| GUEST HOUSE: | 1,133 SF |
| COVERED TERRACE / COVERED EXTERIOR HALLWAYS: | 2,327 SF |
| UNCOVERED TERRACE / UNCOVERED EXTERIOR HALLWAYS: | 1,415 SF |
| GARAGE: | 878 SF |

N

1 LOT COVERAGE DIAGRAM
SCALE: 3/32"=1'-0"

[STRANG]
2900 SW 28TH TERRACE, SUITE 301
MIAMI, FL 33133
PH: 305-373-4990 | FX: 305-373-4991
FIRM LICENSE # AA26001123
WWW.STRANG.DESIGN

PROJECT LOCATION:
13100 SW 77th Avenue
Pinecrest, FL 33156

PROJECT CLIENT(S) / OWNER(S):
MEGLADON INC.

ARCHITECT:
MAX WILSON STRANG, RA / AIA
LICENSE # AR0017183
2900 SW 28th Terrace, Suite 301,
Miami, FL 33133

STRUCTURAL ENGINEERING:
ROCHELL ENGINEERING, INC.
ALEXANDER ROCHELL
295 SANTILLANE AVENUE
CORAL GABLES, FL 33134
PH: 305.640.4040

MEP ENGINEERING:
LAAN GROUP, INC.
2423 SW 147 AVE, SUITE 356
MIAMI, FL 33185
PH. 786.342.8252

CIVIL ENGINEERING:
JORGE G. MALDONADO, P.E
7440 SOUTHWEST 98TH STREET
PINECREST, FLORIDA 33156
PH: 305-342-2370

LANDSCAPE ARCHITECT:
CARLOS SOMOZA LANDSCAPE ARCHITECTURE, LLC
CARLOS E. SOMOZA, PLA
LICENSE #LA6667457
4752 SW 74TH AVE, MIAMI, FL 33155
PH. 786-440-6567

GENERAL CONTRACTOR:
TBD

PROJECT NAME:
Megladon 1

PROFESSIONAL SEAL(S):

| No. | DATE | DESCRIPTION |
|---|---|---|
| 3 | 8/20/2020 | CITY COMMENTS |
| 1 | 8/12/2020 | SEPTIC TANK COMMENTS |
| 2 | 6/24/2020 | CITY COMMENTS |
| 1 | 1/27/2020 | CITY COMMENTS |
| | 1/27/2020 | SEPTIC TANK PERMIT |
| | 1/14/2020 | BID SET |
| | 12/10/2019 | PERMIT SET |

SHEET ISSUE / REVISION LOG

CONFIDENTIALITY NOTICE:
The drawing and information contained within is property of Strang Design, LLC and is intended only for the parties indentified above or of governmental position(s). This plan may not be reproduced without written permission from the Project Manager assigned to this project.

© 2018- STRANG DESIGN, LLC.

| Project ID: | Drawn By: |
|---|---|
| MEGLADON 1 | VC / VF |
| Print Date: 6/24/19 | Scale: |

Sheet Title:
ZONING DATA

Sheet No:
A-002

**Exhibit B**