UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22819-CV-ALTMAN/REID

MEGLADON, INC.,

    Plaintiff,

v.

VILLAGE OF PINECREST,

    Defendant,

v.

MIAMI-DADE COUNTY,

    Intervenor Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 37(C)**

Before the Court is Plaintiff Megladon, Inc.'s Motion for Relief under Rule 37(c). [ECF No. 206]. Plaintiff moves the Court to strike paragraphs 10, 11, 12 of the Verified Statement of Alicia Gonzalez [ECF No. 179-2], which was filed by Defendant Village of Pinecrest in opposition to Plaintiff's motion for partial summary judgment [ECF No. 172]. Plaintiff argues paragraphs 10-12 contain details that were not disclosed before the discovery deadline even though Plaintiff propounded interrogatories to the Village seeking this information. Plaintiff argues that the Village's failure to supplement its interrogatories in a timely manner is neither harmless nor substantially justified. Thus, under Federal Rule of Civil Procedure 37(c), the Village should not be permitted to use the newly disclosed details to oppose Plaintiff's summary judgment motion. Having reviewed Plaintiff's motion to strike, the Village's response, and the record, the Court **DENIES** Plaintiff's Motion for Relief under Rule 37(c).

**I.   Background**

1

### A. Plaintiff's Action

The long procedural history in this case is chronicled in the Court's earlier orders, including the order denying Defendants' motion to dismiss. [ECF No. 141]. But, in essence, the case involves a parcel of property that Plaintiff bought in the Village of Pinecrest, an incorporated municipality within the territorial bounds of Miami-Dade County. [*Id.* at 2]. Plaintiff alleges that the Village refused to issue a building permit unless Plaintiff relinquished a portion of the property to the Village, which the Village would then use as a right of way. [*Id.*]. Plaintiff sued the Village in state court, but the case was removed to this Court based on federal question jurisdiction. [ECF No. 1]. Miami-Dade County then asked the Court to intervene, claiming *it*, not the Village, was responsible for the right-of-way dedication requirement. [ECF No. 141 at 2]. The County was allowed to intervene, and in November 2022, after discovery closed, the parties filed cross-motions for summary judgment. [ECF Nos. 126, 129]. The Court denied the cross-motions without prejudice, explaining that the parties could re-file their motions once the Court had ruled on Defendants' Motion to Dismiss. [ECF No. 134].

### B. Plaintiff's Renewed Motion for Partial Summary Judgment

The parties renewed their summary judgment motions in April 2023. [ECF No. 170, 172]. Both motions are pending before the Court. In its motion for partial summary judgment, Plaintiff asks the Court to hold the Village or both Defendants liable for imposing a land dedication exaction. [*Id.*] Additionally, Plaintiff asks the Court to limit the parties' trial to the amount of damages owed to Plaintiff. [*Id.*].

In support of its summary judgment motion, Plaintiff argues the County has no jurisdiction over the permit application or to demand that Plaintiff dedicate property as a condition of receiving a Village building permit. [*Id.* at 24]. But even if it had jurisdiction, Plaintiff argues, its 42 U.S.C.

2

§ 1983 claim (Count IV) is ripe because the County has made a final decision that Plaintiff must dedicate part of its property. As evidence that the County made a final decision, Plaintiff points to a virtual meeting that took place on November 4, 2020 among Plaintiff's counsel, the County, and three Village representatives. Details of the meeting surfaced during discovery, when the Village responded to Plaintiff's First Set of Interrogatories. Interrogatory No. 19 provides: "[I]dentify all conferences between the Village and the County regarding [Plaintiff], the Property, the Application or this lawsuit including the date of the conference, whether it was held in person or by phone, the persons in attendance, and the specific matters discussed." [ECF No. 206 at 8, ¶ 19]. The Village responded:

> 1. November 4, 2020: Meeting with the County, Plaintiff, and the Village regarding the Property. The meeting was held via Microsoft Teams. The attendees were:
>
>    • Plaintiffs attorney Amy Boulris
>    • The Village's attorneys Chad Friedman and Alicia Gonzalez
>    • The Village Planning Director Stephen Olmstead
>    • The County's attorney Dennis Kerbel
>    • The County Chief of Platting and Traffic Review Raul Pino; and
>    • County employee Leandro Rodriguez, position unknown.
>
> The dedication requirement was discussed and Plaintiff's claim concerning the dedication requirement being an unconstitutional condition/prohibited exaction. **The Village attendees do not recall specific details of the conversation**, except that Plaintiff's attorney may have represented that the discussions were in nature of settlement discussions.

[ECF No. 206-3 at 13] (emphasis added).

In November 2022, shortly after the close of discovery, Plaintiff filed its initial motion for summary judgment and the declaration of its counsel, Amy Boulris. [ECF No. 126]. Boulris attested:

> During the [November 4, 2020] call, when I inquired (assuming for purposes of discussion that the County had some jurisdiction to require a land dedication) whether the County would relent because of [Plaintiff]'s asserted concern about

3

> lack of nexus and proportionality, County Chief of Platting and Traffic Review Pino immediately responded that he would never grant a waiver from the County's right of way dedication requirement. Upon Pino making this statement, County attorney Kerbel shushed him and told him not to say that. No one from the County offered any form of compromise to the asserted requirement that [Plaintiff] dedicate land to complete a 50-foot right of way on S.W. 131st Street.

[ECF No. 131-7 at 2].

Later, when the parties renewed their summary judgment motions, the Village's attorney, Alicia Gonzalez, submitted her own declaration stating:

> **10.** I specifically recall that [on November 4, 2020] both Ms. Boulris and I were running late. I also specifically recall that during the meeting, we were discussing the County dedication requirement, and [County Attorney] Mr. Kerbel told Ms. Boulris that he did not want her using anything said in the meeting to attempt to ripen her claim because Megladon had not formally applied to the County for any relief the County could not properly analyze the request in an informal meeting.
>
> **11.** In response to Mr. Kerbel's comment, Ms. Boulris told him not to worry that she considered the meeting a settlement discussion and confidential.
>
> **12.** I do not recall Mr. Kerbel admonishing anyone to stay quiet. In fact, I remember thinking that I was not sure why he had made the comment that he did not want Ms. Boulris to use anything said in the meeting as a basis for ripening her claim. It was a curious comment to me at the time as well because Ms. Boulris had previously consistently indicated that the conversation after the presuit notice were [sic] in furtherance of settlement, and I understood the meeting to be in furtherance of settlement.

[ECF No. 179-2 at 2–3].

### C. Plaintiff's Motion to Strike Paragraphs 10-12 of the Gonzalez Statement

Plaintiff argues paragraphs 10-12 of the Gonzalez declaration must be stricken because the Village previously asserted in Interrogatory Response No. 19, that its attendees, including Gonzalez, did "not recall specific details of the conversation." Plaintiff argues Defendants are relying on the newly disclosed details to defeat Plaintiff's summary judgment motion by creating an issue of fact. Had Plaintiff known Gonzalez recalled details of the November 2020 meeting, Plaintiff would have taken her deposition and ascertained *everything* she remembered about the

4

meeting. But because the Village never supplemented Interrogatory Response No. 19, Plaintiff claims, it must now contend with an incomplete version of events that touch on key issues of whether statements made during the November 2020 meeting are admissible and whether Plaintiff's claims against the County are ripe. [ECF No. 206 at 5–6].

Defendants respond the non-disclosure is substantially justified because parts of paragraphs 10-12 are not responsive to Interrogatory 19. They add that the Village attorney that participated in the meeting—and who also represents the Village in this action—did not believe she had to testify as to what she considered to be a settlement negotiation. Further, the non-disclosure is harmless because Plaintiff was on notice from the interrogatory response that the Village believed the November 2020 meeting was in aid of settlement and, in any event, Defendants provided other evidence that Raul Pino had no authority to deny a waiver despite his alleged outburst. [ECF No. 207 at 6.].

### I.    Legal Principles

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts have broad discretion to exclude untimely disclosures. *See Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019). For purposes of Rule 37, "substantial justification" is justification "to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotations omitted). "A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive disclosure." *Id.* at 683.

Here, reasonable people could differ as to whether disclosure of the details described in paragraphs 10-12 of the Gonzalez declaration was required. Paragraphs 10 to 12 do not directly contradict the Village's response and position that the November 2020 meeting was a settlement discussion. As Defendants have noted, Interrogatory Response No. 19 put Plaintiffs on notice that Defendants believed the discussion were confidential and therefore not subject to disclosure. Not surprisingly, Village counsel Alicia Gonzalez did not anticipate that Plaintiff would use communications that occurred during settlement negotiations in support of its motion for partial summary judgment. The nature of the "newly disclosed" details and the case's long procedural history give no indication that the Village acted in bad faith or attempted to conceal the information. Thus, the Court finds that the Village's failure to supplement its earlier response to Interrogatory No. 19 was substantially justified.

Further, Defendants have shown that the disclosure is harmless. Kerbel and Pino were deposed and questioned about the waiver issue. In fact, Kerbel was asked if he ever shushed Pino when he stated he would never agree to a waiver. *See* ECF No. 207 at 5. Defendants are not solely relying on the Gonzalez declaration to prove that an issue of fact remains as to the ripening of Plaintiff's claims. Accordingly, the Court finds the disclosure does not prejudice Plaintiff. Based on the broad discretion entrusted to this Court under Rule 37, Plaintiff's motion to strike paragraphs 10, 11, 12 of the Verified Statement of Alicia Gonzalez is **DENIED**.

**DONE AND ORDERED** at Miami, Florida this 15th day of September 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **All Counsel of Record via CM/ECF**