**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-cv-22819-ALTMAN/Reid**

**MEGLADON, INC.**,

*Plaintiff*,

*v.*

**VILLAGE OF PINECREST**,

*Defendant*.
_________________________________/

# ORDER

After our jury rendered its verdict in this case, *see* Jury Verdict [ECF No. 315], we entered final judgment in favor of the Defendant—the Village of Pinecrest (the "Village")—as to Count I of the Second Amended Complaint (the "SAC") [ECF No. 77]. *See* Final Judgment [ECF No. 325]. We also entered judgment for the Plaintiff, Megladon, Inc. ("Megladon"), as to Count II of the SAC, awarding Megladon $409,437.50 in damages. *See also* Order Denying Renewed Motion for Judgment as a Matter of Law [ECF No. 364]. Megladon now seeks $49,923.71 in taxable costs under 28 U.S.C. § 1920. *See* Motion for Award of Taxable Costs (the "Motion") [ECF No. 329].[1] After careful review, we **GRANT in part** and **DENY in part** the Motion.

## THE LAW

"Under Federal Rule of Civil Procedure 54, a prevailing party may receive costs, apart from attorney's fees." *Coleman v. Morris-Shea Bridge Company, Inc.*, 2026 WL 144791, at *9 (11th Cir. Jan. 20, 2026); *see also* FED. R. CIV. P. 54(d)(1). Indeed, "[t]he presumption is in favor of awarding costs." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). But "federal

[1] Megladon has also filed a Motion for Attorney's Fees [ECF No. 349]. We'll resolve that motion—along with the Corrected Motion for Judicial Notice [ECF No. 359] and the Motion to Disregard [ECF No. 360]—in a separate order.

courts are bound by the limitations set out in 28 U.S.C. § 1920." *Ibid.* And § 1920 allows "[a] judge or clerk of any court of the United States [to] tax as costs" six categories of expenses: "[f]ees of the clerk and marshal"; "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; "[f]ees and disbursements for printing and witnesses"; "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; "[d]ocket fees" under 28 U.S.C. § 1923; and "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services" under 28 U.S.C. § 1828.

## ANALYSIS

Megladon seeks $49,923.71 in taxable costs. That sum reflects four categories of fees: (1) $932 in Clerk fees; (2) $615 in subpoena and service fees; (3) $36,178.71 in transcripts fees; and (4) $12,198 in exemplification and copy-making fees. *See* Motion at 4. Though it "concedes that it is not the prevailing party in this action," the Village contends that "Megladon seeks a number of costs that are not, in fact, recoverable under . . . § 1920." Response to Motion (the "Response") [ECF No. 344] at 1–2. Specifically, the Village challenges portions of the subpoena and service fees; the transcript fees; and the exemplification and copy-making fees. *See id.* at 2 ("[T]he costs should be reduced to $16,465.72."). We address each challenge in turn.

### I. The Subpoena and Service Fees

The Village first objects to the fact that "[a]ll the subpoenas issued by Megladon were issued with rush or priority services," given that "Megladon provides no reasoning as to why expedited service was necessary." *Id.* at 3. It thus asks that we adjust the costs associated with "rush service"—which it says exceed the "U.S. Marshal's rate"—from $1,547 to $1,141. *Id.* at 4; *see also ibid.* (challenging the costs of service for Carlos Marin, Mark Spanioli, Chad Friedman, JGS Properties, Inc., and Weiss Serota Helfman Cole & Bierman, P.L.). In reply, Megladon makes no mention of those costs and

instead "primarily stands on its [M]otion and the presumption in favor of awarding costs." Reply in Support of Motion (the "Reply") [ECF No. 348] at 1.

"[P]rivate process server fees may be taxed pursuant to [28 U.S.C.] §§ 1920(1) and 1921." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). While the Eleventh Circuit "ha[s] not resolved whether 'rush service' from private processors are compensable," it has declined to find an abuse of discretion when a district court has withheld such costs if "a permissible reading of th[e] record" indicates that "service . . . could have been served in advance." *Johnston v. Borders*, 36 F.4th 1254, 1288 n.65 (11th Cir. 2022). Given that Megladon hasn't offered *any* explanation for the rush and priority services, we'll award $1,141 in subpoena and service fees. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (cleaned up)); *see also Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) ("We find that the burden rests with Ray to submit a request for expenses that would enable the district court to determine what expenses were incurred on the federal litigation.").

## II. The Transcript Fees

The Village next argues that "several of the costs" for "the transcription of deposition and trial testimony . . . contain charges that lack support or are otherwise not recoverable." Response at 4. It specifically objects to two types of costs: *one*, expedited costs—for "expedited transcripts," "condensed transcripts, exhibits, rough drafts, and litigation support items"—that Megladon requests "without any explanation," *id.* at 4–6; and *two*, "costs related to depositions that were both transcribed and videotaped," since the Motion (the Village says) "fails to provide any justification for requiring both video and transcription of the depositions of Raul Pino, Chad Friedman, Leandro Ona, Frank Guyamier, Dennis Kerbel, and Stephen Olmstead." *Id.* at 6–7. All told, the Village asks that we grant $15,324.72—not $36,178.71—in transcripts fees.

Melgadon in turn explains that the expedited deposition transcripts "were virtually all taken in October 2022, shortly before deadlines set by this Court's pretrial orders for the filing of summary judgment papers." Reply at 2; *see also ibid.* ("The parties filed their summary judgment motions and related statements of material fact shortly thereafter on November 21, 2022. The subject depositions were lengthy, and transcripts needed to be obtained and reviewed on an expedited basis *by all parties*. Several were referenced in the statements of material fact and others filed with the Court in support of the November 2022 summary judgment papers." (citations omitted)). And Megladon further maintains that the expedited trial transcripts "were necessary given significant *oral* rulings on motions in limine and on *Daubert* motions at the outset of the trial, the deposition of Village Manager Galiano ordered during the trial, and for general use at trial." *Ibid.*; *see also* Exhibit B [ECF No. 348-2] (documenting an email chain that uses rough transcripts to confirm which exhibits were admitted at trial).

Section 1920 allows for a judge to tax as costs "fees for printed or electronically recorded transcripts *necessarily obtained for use in the case*." § 1920(2) (emphasis added). "However, simply because taxation of deposition transcript costs is authorized does not mean that taxation of such costs is automatic." *Salvador v. Brico, LLC*, 796 F. App'x 654, 656 (11th Cir. 2020). Instead, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W&O*, 213 F.3d at 620.

We're satisfied by Megladon's account of the expedited deposition- and trial-transcript costs. "[U]se of a deposition at trial or in a summary judgment motion tends to show that the deposition was necessarily obtained for use in a case." *Watson v. Lake Cnty.*, 492 F. App'x 991, 996 (11th Cir. 2012). And "even where a deposition is not ultimately used as part of a prevailing party's case, we have held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Id.* at 996–97; *see also In re*

*Fundamental Long Term Care, Inc.*, 753 F. App'x 878, 882 (11th Cir. 2019) ("There is no requirement in the statutory text that the transcripts must be used later in a proceeding or motion, or that they be cited in the dispositive order."); *Shed v. Univ. of S. Fla. Bd. of Trs.*, 2025 WL 1540573, at *7 (11th Cir. May 30, 2025) ("The district court was permitted to award costs for the deposition even though the deposition was not later used because Mr. Shed's deposition was related to the issues of the case[.]"); *Harrison v. Belk, Inc.*, 740 F. App'x 708, 709 (11th Cir. 2018) (deeming a deposition transcript "necessarily obtained for use in the case" because the "testimony was clearly pertinent" to the defense and because the defendant "relied heavily on [the transcript] to support its arguments on summary judgment"). Given Megladon's reasonable explanation, we find that the Village has "failed to show that the depositions were unrelated to an issue in the case." *Paylan v. Teitelbaum*, 798 F. App'x 458, 468 (11th Cir. 2020).

We'll note, however, that Megladon leaves unanswered the Village's objection to the costs related to the depositions "that were both transcribed and videotaped." Response at 6. So, given Megladon's failure to clarify the need to *both* transcribe *and* videotape the depositions of Pino, Friedman, Ona, Guyamier, Kerbel, and Olmstead, we'll deduct those costs—which amount to $6,596.25, *see* Response at 7–8—from the $36,178.71 Megladon requests. *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (declining to find an abuse of discretion when the district court determined "that a general $4,602.90 charge for deposition transcripts *lacked the requisite specificity*" (emphasis added)); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (holding that a party "abandons a claim when he either makes only passing reference to it or raises it in a perfunctory manner").

**III. The Exemplification and Copy Fees**

Finally, the Village objects to the "recovery of apparently thirty-three enlarged exhibits in the amount of $12,198.00," noting that "Megladon has entirely failed to identify the specific items on

which it seeks recovery." Response at 10; *see also ibid.* ("[T]he Village is left pondering what these enlarged exhibits were, especially given the fact that there were thirty-three of them."). In turn, Megladon lists the specific exhibits at issue, *see* Reply at 3, and maintains that "*all* [were] enlargements of listed documentary exhibits that Megladon anticipated may be useful at trial"—and that "[m]any of them were indeed shown to the jury," *ibid.*

Section 1920 allows for a judge to tax as costs "[f]ees for exemplification and costs of making copies of any materials where the copies *are necessarily obtained for use in the case*." § 1920(4) (emphasis added). As the Eleventh Circuit has explained, "[u]se of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *W&O*, 213 F.3d at 623 (cleaned up). "Rather, like with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *Ibid.* We therefore find that Megladon is entitled to the recovery of these fees, given its representation that the exhibits at issue were used at—or at least made for—trial. *See Watson*, 492 F. App'x at 997 ("In evaluating copy costs, a district court should consider whether the prevailing party could have 'reasonably believed' that it was necessary to copy the documents at issue.").

## CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. Megladon's Motion for Award of Taxable Costs [ECF No. 329] is **GRANTED in part** and **DENIED in part**.
2. We enter an award in favor of Megladon for **$42,921.46** in taxable costs. We also award post-judgment interest on that sum.

**DONE AND ORDERED** in the Southern District of Florida on October 12, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record